UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STEPHEN CHRISTOPHER NOVATNE, <br><br> Plaintiff, <br><br> v. <br><br> F/N/U ELROD et al., <br><br> Defendants. | Case No. 3:19-cv-00821 <br><br> Judge Eli J. Richardson <br> Magistrate Judge Alistair E. Newbern |

### MEMORANDUM ORDER

This Memorandum Order addresses several pending motions in this civil rights action brought under 42 U.S.C. § 1983. Pro se Plaintiff Stephen Christopher Novatne, who is incarcerated and appears *in forma pauperis*, has filed motions seeking to amend the claims, relief, and defendants included in his complaint (Doc. Nos. 43, 47, 48, 50); two motions seeking discovery (Doc. Nos. 44, 49); a renewed motion to appoint counsel (Doc. No. 46); and a motion to set this case for a bench trial (Doc. No. 51). On October 15, 2020, the Court received a letter from Novatne requesting an extension of the deadline to file motions to amend the pleadings set by the scheduling order in this case (Doc. No. 71) and a filing proposing additional amendments to his complaint (Doc. No. 72). Defendants Seth Batsel, Billy Cairo, Glen Edgell, Brian Elrod, and Ethan Flipovic have opposed each of Novatne's motions.[1] (Doc. Nos. 53–61, 73.) For the reasons that follow, Novatne's letter (Doc. No. 71) will be construed as a motion for an extension of time and granted in part. Novatne will be afforded an opportunity to file a consolidated motion for leave to amend

---

[1] The Court uses the defendants' own spellings of their names, provided in their filings in this action (Doc. Nos. 38–42, 53–61, 73), as opposed to the spellings Novatne used in his complaint (Doc. No. 1).

his complaint and a signed proposed amended pleading, and the defendants will have an opportunity to respond in opposition to that motion. Novatne's pending motions to amend the pleadings (Doc. Nos. 43, 47, 48, 50) will be denied as moot. Further, for the reasons that follow, his motions for discovery (Doc. Nos. 44, 49) and second motion to appoint counsel (Doc. No. 46) will be denied without prejudice and his motion to set a bench trial (Doc. No. 51) will be denied as moot.

**I.      Relevant Background**

This action arises out of Novatne's pre-trial detention at the Rutherford County Adult Detention Center (RCADC) in Murfreesboro, Tennessee. (Doc. No. 1.) On September 17, 2019, Novatne filed a complaint under 42 U.S.C. § 1983 alleging several violations of his civil rights while he was detained at RCADC. (*Id.*) The Court screened Novatne's complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, found that Novatne had stated colorable claims for excessive force against Batsel, Cairo, Edgell, Elrod, and Flipovic in their individual capacities, and allowed those claims to proceed. (Doc. Nos. 26, 27.) The Court dismissed all other defendants and claims in Novatne's complaint, including his official-capacity claims against Batsel, Cairo, Edgell, Elrod, and Flipovic, and denied his motion for appointment of counsel without prejudice to refiling. (Doc. Nos. 26, 27.)

Batsel, Cairo, Edgell, Elrod, and Flipovic answered Novatne's complaint on July 10, 2020. (Doc. Nos. 38–42.) On July 17 and 24, 2020, the Court received a series of motions from Novatne seeking to amend his complaint. (Doc. Nos. 43, 47, 48, 50.) Specifically, Novante filed: two motions to amend the type of relief sought for his excessive-force claims (Doc. Nos. 43, 50); a motion to add allegations supporting official-capacity claims against Batsel, Cairo, Edgell, Elrod, and Flipovic (Doc. No. 47); and a motion to add RCADC, Rutherford County Sheriff Mike Fitzhugh, or Rutherford County itself as a defendant (Doc. No. 48). The Court also received

Case 3:19-cv-00821   Document 74   Filed 12/01/20   Page 2 of 8 PageID #: 327

motions requesting discovery (Doc. Nos. 44, 49); a second motion for appointed counsel (Doc. No. 46); and a motion asking the Court to set this case for a bench trial (Doc. No. 51). The defendants have responded in opposition to each of these motions. (Doc. Nos. 53–61.)

On August 10, 2020, the Magistrate Judge issued a scheduling order setting October 13, 2020, as the deadline for filing motions to amend the pleadings. (Doc. No. 62.) On August 12, 2020, the Court issued an order setting this case for a jury trial on October 19, 2021. (Doc. No. 63.) On October 15, 2020, the Court received a letter from Novatne asking the Court to extend the amended pleading deadline by "30 to 60 days." (Doc. No. 71, PageID# 296.) On the same day, the Court received a filing from Novatne entitled "complaint amendment[,]" describing further amendments he would like to make to his complaint. (Doc. No. 72, PageID# 302.) Novatne, who is currently incarcerated at the Morgan County Correction Complex (MCCX) in Wartburg, Tennessee, signed both filings on October 7, 2020. (Doc. Nos. 71, 72.) The defendants oppose Novatne's request for additional time to file another motion to amend his complaint. (Doc. No. 73.)

## II. Analysis

### A. Motion to Extend Amended Pleading Deadline and Motions to Amend

The Court construes Novatne's letter (Doc. No. 71) as a motion to extend the deadline for filing motions to amend the pleadings established by the Court's scheduling order (Doc. No. 62). Federal Rule of Civil Procedure 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" requirement in Rule 16 is only satisfied where the movant shows "that the original deadline could not reasonably have been met despite due diligence and that the opposing party will not suffer prejudice by virtue of the amendment." *Ross v. Am. Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014); *see also Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (discussing diligence and prejudice with respect to Rule 16's good cause requirement).

As a threshold matter, the Court finds that Novatne timely moved to extend the October 13, 2020 deadline because he signed his motion and handed it over to prison authorities for mailing on October 7, 2020. *See Pewitte v. Hiniger*, No. 3:17-cv-00822, 2020 WL 2218754, at *8 (M.D. Tenn. May 6, 2020) (finding that "'a pro se prisoner's [pleading] is deemed filed when it is handed over to prison officials for mailing to the court'" and that, "absent contrary evidence," courts assume "that an incarcerated person handed over a pleading to prison authorities 'on the date he or she signed [it]'" (alterations in original) (quoting *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008))), *report and recommendation adopted sub nom. Pewitte v. Pratt*, 2020 WL 5105404 (M.D. Tenn. Aug. 31, 2020). The Court further finds that Novatne has shown good cause for the requested extension. He has shown diligence in his repeated efforts to amend his complaint (Doc. Nos. 43, 47, 48, 50, 72), even if those efforts have fallen short of this Court's Local Rule requiring that "[a] motion to amend a pleading must . . . [d]escribe the reasons supporting the proposed amendments and the substance of the amendments sought, and include as an appended exhibit the singed proposed amended pleading[.]" M.D. Tenn. R. 15.01(a)(1) (supporting papers); *see also* M.D. Tenn. R. 15.01(b) (form of amended pleading) ("Amended pleadings must restate the entirety of the pleading with amendments incorporated, rather than merely reciting the amended sections."). Novatne also states that his efforts to amend his complaint have been hampered by transfer to MCCX and "over 14 days of quarantine" due to the COVID-19 pandemic. (Doc. No. 71, PageID# 296.)

In light of these circumstances, the Court finds that the most efficient and just course for considering Novatne's various proposed amendments is to grant Novatne a short extension of time in which to file a single, consolidated motion for leave to amend his complaint with an attached signed proposed amended complaint. The defendants have long been aware of Novatne's attempts

to amend his complaint (Doc. Nos. 43, 47, 48, 50, 72), and the Court finds that they will not be unduly prejudiced by this course of action. The Court is only granting Novatne an extension of time in which to file a motion for leave to amend his complaint; the defendants may oppose Novatne's proposed amendments on specific grounds, including prejudice. *See Leary*, 349 F.3d at 905 (holding that courts may deny leave to amend under Rule 15(a)(2) based on "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'" (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962))). Novatne's motion for an extension (Doc. No. 71) will therefore be granted in part, and his earlier motions seeking to amend his complaint (Doc. Nos. 43, 47, 48, 50) will be denied as moot.

### B. Discovery Motions

Novatne moves the Court to subpoena Rutherford County or RCADC for its "county jail policies and codes of conduct" (Doc. No. 44) and to compel the defendants to produce certain documents regarding RCADC policies and records related to Novatne's incarceration there (Doc. No. 49). The defendants' responses in opposition to these motions state that Novatne did not request any of these documents from them before filing these motions and represent that the defendants "will treat" Novatne's motions "as written discovery requests pursuant to Fed. R. Civ. P. 34 and will respond accordingly." (Doc. No. 54, PageID# 235; Doc. No. 59, PageID# 254.) Novatne has not filed any replies in support of his motions for a subpoena and to compel discovery, and there is no indication in the record that he still seeks the Court's assistance in obtaining the requested documents. Further, the defendants represent that they have produced more than 146 documents to Novatne in response to these motions. (Doc. No. 73, PageID# 315–16, n.3.)

Accordingly, Novatne's motion for a subpoena (Doc. No. 44) and motion to compel (Doc. No. 49) will be denied without prejudice.

### C. Motion to Appoint Counsel

Novatne's second motion to appoint counsel states that he is requesting counsel "[d]ue to [his] lack of legal understanding, legal expe[]rience in filing motions, and knowledge in civil cases." (Doc. No. 46, PageID# 217.) Novatne further states that the defendants have retained counsel and that he "cannot afford counsel and ha[s] written numerous attorn[ey]s without response." (*Id.* at PageID# 218.) As the Court explained when it denied Novatne's first motion to appoint counsel, unlike criminal defendants, indigent civil plaintiffs have no constitutional right to counsel. (Doc. No. 26); *see also Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). Rather, appointment of counsel in civil cases is only justified in exceptional circumstances. (Doc. No. 26); *Lavado*, 992 F.2d at 605–06. To determine "whether exceptional circumstances exist, a district court considers the type of case, the ability of the pro se litigant to represent himself or herself, and the nature of the factual and legal issues involved." *Hollis v. Perry*, No. 3:17-cv-00626, 2018 WL 3572391, at *2 (M.D. Tenn. July 24, 2018). The Court previously found that "the factual and legal issues presented [here] are not unusually complex, and [Novatne] has demonstrated the ability to plead his case cogently." (Doc. No. 26, PageID# 109.) Novatne has not provided any factual or legal basis for revisiting this finding. His poverty and lack of legal knowledge, while serious burdens, are circumstances common to many pro se plaintiffs, most of whom will not be appointed counsel. Novatne's second motion to appoint counsel (Doc. No. 46) will therefore be denied without prejudice. If circumstances in this case change—for example, if Novatne's claims proceed past summary judgment—he may raise the issue of appointed counsel again.

### D. Motion to Set Bench Trial

Novatne's complaint and the defendants' answers all include a request for a jury trial. (Doc. Nos. 1, 38–42.) However, on July 24, 2020, the Court received Novatne's motion asking that this matter be set for a bench trial. (Doc. No. 51.) The defendants' response in opposition to the motion states that they continue to request a jury trial. (Doc. No. 61.) Novatne did not file a reply and, on August 12, 2020, the Court issued an order setting this case for a jury trial on October 19, 2021. (Doc. No. 63.) Novatne has not objected to that order, and it appears that his primary goal in filing the motion was for the Court to set a trial date. Because a trial date is now set, the Court will deny as moot Novatne's motion to set a bench trial (Doc. No. 51).

### III. Conclusion

For the reasons above, Novatne's letter (Doc. No. 71) is CONSTRUED as a motion to extend the deadline for filing motions to amend the pleadings and, so construed, the motion is GRANTED IN PART. Novatne is ORDERED to file a motion for leave to amend his complaint and a signed proposed amended complaint that includes all of his proposed amendments by December 22, 2020. The motion to amend must "[d]escribe the reasons supporting the proposed amendments and the substance of the amendments sought," and the proposed amended complaint "must restate the entirety of the pleading with amendments incorporated, rather than merely reciting the amended sections." M.D. Tenn. R. 15.01(a), (b). In light of this extension, Novatne's prior motions seeking to amend his complaint (Doc. Nos. 43, 47, 48, 50) are DENIED AS MOOT. To avoid confusion, the Clerk of Court is DIRECTED to change the caption of docket entry 72 to "Notice of Filing."

Novatne's motion for a subpoena (Doc. No. 44), motion to compel (Doc. No. 49), and motion to appoint counsel (Doc. No. 46) are DENIED WITHOUT PREJUDICE.

The motion to set a bench trial (Doc. No. 51) is DENIED AS MOOT.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge