UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STEPHEN CHRISTOPHER NOVATNE,<br><br>  Plaintiff,<br><br>v.<br><br>F/N/U ELROD et al.,<br><br>  Defendants. | Case No. 3:19-cv-00821<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

On December 1, 2020, the Court granted pro se Plaintiff Stephen Christopher Novatne a twenty-one-day extension of time to file a consolidated motion for leave to amend his complaint in this civil rights action brought under 42 U.S.C. § 1983. (Doc. No. 74.) Novatne, who is incarcerated and appears *in forma pauperis*, has timely filed a motion for leave to amend and a proposed amended complaint (Doc. No. 75), to which Defendants Seth Batsel, Billy Cairo, Glen Edgell, Brian Elrod, and Ethan Flipovic have responded in opposition (Doc. No. 77).[1] Novatne has also filed a motion to compel discovery (Doc. No. 76), which the defendants oppose (Doc. No. 78). For the reasons that follow, Novatne's motions to amend and to compel discovery will be DENIED.

---

[1] Novatne's motion is timely because he signed and handed it over to prison authorities for mailing on December 17, 2020 (Doc. No. 75), before the Court's extended deadline of December 22, 2020 (Doc. No. 74). *See Pewitte v. Hiniger*, No. 3:17-cv-00822, 2020 WL 2218754, at *8 (M.D. Tenn. May 6, 2020) (finding that "'a pro se prisoner's [pleading] is deemed filed when it is handed over to prison officials for mailing to the court'" and that, "absent contrary evidence," courts assume "that an incarcerated person handed over a pleading to prison authorities 'on the date he or she signed [it]'" (alterations in original) (quoting *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008))), *report and recommendation adopted sub nom. Pewitte v. Pratt*, 2020 WL 5105404 (M.D. Tenn. Aug. 31, 2020).

**I.  Relevant Background**

This action arises out of Novatne's pre-trial detention at the Rutherford County Adult Detention Center (RCADC) in Murfreesboro, Tennessee. (Doc. No. 1.) Novatne filed a complaint under 42 U.S.C. § 1983 on September 17, 2019, alleging violations of his civil rights while he was detained at RCADC. (*Id.*) The Court screened Novatne's complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, found that Novatne had stated colorable claims for excessive force against Batsel, Cairo, Edgell, Elrod, and Flipovic in their individual capacities, and allowed those claims to proceed. (Doc. Nos. 26, 27.) The Court dismissed all other defendants and claims in Novatne's complaint, including his official-capacity claims against Batsel, Cairo, Edgell, Elrod, and Flipovic. (Doc. Nos. 26, 27.)

After Batsel, Cairo, Edgell, Elrod, and Flipovic filed answers on July 10, 2020 (Doc. Nos. 38–42), Novatne filed a series of motions to amend the complaint (Doc. Nos. 43, 47, 48, 50, 72) and a request to extend the deadline for filing motions to amend the pleadings (Doc. No. 71). The defendants responded in opposition to each motion. (Doc. Nos. 53, 56, 57, 60, 73.) On December 1, 2020, the Court found that good cause existed to extend the amended pleading deadline and "that the most efficient and just course for considering Novatne's various proposed amendments is to grant Novatne a short extension of time in which to file a single, consolidated motion for leave to amend his complaint with an attached signed proposed amended complaint." (Doc. No. 74, PageID# 329.) The Court therefore ordered Novatne to file a motion for leave to amend and a signed proposed amended complaint including all of his proposed amendments by December 22, 2020. (Doc. No. 74.)

On January 4, 2021, the Court received Novatne's motion for leave to file an amended complaint and proposed amended complaint, which Novatne signed and handed over to prison authorities for mailing on December 17, 2020. (Doc. No. 75.) Novatne's filing includes sections

entitled "proposed amended complaint" and "[r]easons supporting proposed amendments and substance of amendment sought[.]" (*Id.* at PageID# 379, 386.) Novatne restates his excessive force allegations against Batsel, Cairo, Edgell, Elrod, and Flipovic, and incorporates new allegations, including that: (1) RCADC's Disciplinary Board violated its own procedures and Novatne's due process rights by holding him in administrative segregation without a disciplinary hearing from April 22, 2019, to June 3, 2019; (2) his continued segregation until October 2019 and verbal abuse from the defendant officers led Novatne to attempt suicide on October 31, 2019; and (3) medical staff discontinued his depression medication without explanation. (Doc. No. 75.) Novatne alleges that Rutherford County "should also be held liable" in this action because Chief of Security Fly, Captain Hutsell, and Sheriff Fitzhugh were all "well aware of every aspect of th[e] situation and [this] civil action . . . ." (*Id.* at PageID# 390.) The defendants oppose Novatne's motion to amend, arguing that he has not complied with Local Rule 15.01's requirements regarding motions to amend, that allowing the proposed amendments would unduly prejudice the defendants, and that the proposed amendments are futile because they would not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 77.) Novatne did not file an optional reply.

On January 5, 2021, the Court received Novatne's motion to compel discovery, which asks the Court to compel the defendants to produce additional video footage related to the alleged excessive force incidents and a list of the names of other inmates held in segregation. (Doc. No. 76.) Novatne's motion also states that he "would like to call a few officers to make statements as well." (*Id.* at PageID# 402.) The defendants oppose Novatne's motion to compel discovery, arguing that they have already produced all of the relevant video footage they have and will provide Novatne with a list of other inmates in segregation, something he did not ask the defendants to produce before filing his motion. (Doc. No. 78.) The defendants also argue that Novatne's

3
Case 3:19-cv-00821   Document 79   Filed 04/05/21   Page 3 of 13 PageID #: 460

statement regarding his desire to call officers as witnesses is not a proper subject of a motion to compel. (*Id.*) Novatne did not file an optional reply.

## II.     Legal Standards

### A.     Motion to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that district courts should "freely" grant a motion for leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). This "mandate" flows from the principle that a plaintiff "ought to be afforded an opportunity to test [their] claim on the merits" where "the underlying facts or circumstances relied upon . . . may be a proper subject of relief . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, absent "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.— the leave sought should, as the rules require, be 'freely given.'" *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman*, 371 U.S. at 182). A proposed amendment is futile when it would not survive a motion to dismiss under Rule 12(b)(6). *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). "A district court's order denying a Rule 15(a) motion to amend is usually reviewed for an abuse of discretion." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *but see id.* (reviewing *de novo* district court's denial of "motion for leave to amend on the basis of futility"). Nevertheless, Sixth Circuit case law "manifests 'liberality in allowing amendments to a complaint.'" *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)).

### B. Motion to Compel

"[T]he scope of discovery is within the sound discretion of the trial court[.]" *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008) (first alteration in original) (quoting *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981)). Generally, Federal Rule of Civil Procedure 26 allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Relevant evidence in this context is that which "'has any tendency to make a fact more or less probable than it would be without the evidence,' if 'the fact is of consequence in determining the action.'" *Grae v. Corr. Corp. of Am.*, 326 F.R.D. 482, 485 (M.D. Tenn. 2018) (quoting Fed. R. Evid. 401).

The party moving to compel discovery bears the initial burden of proving the relevance of the information sought. *See Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010); *see also* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment ("A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them."). A motion to compel discovery may be filed in a number of circumstances, including when "a party fails to answer an interrogatory submitted under Rule 33[,]" or "produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv). "[A]n evasive or incomplete disclosure, answer, or response" is considered "a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "The court will only grant [a motion to compel], however, if the movant actually has a right to the discovery requested." *Grae*, 326 F.R.D. at 485.

### III. Analysis

#### A. Motion to Amend

The defendants' primary argument in opposition to Novatne's proposed amended complaint is that the amendments should be denied as futile because they would not survive a

5

motion to dismiss. (Doc. No. 77.) In determining whether a proposed amended claim would survive a motion to dismiss under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). Rule 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim[.]" Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A plaintiff must plead more than "'labels and conclusions[,]'" "'a formulaic recitation of the elements of a cause of action[,]'" or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (third alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The defendants argue that Novatne's proposed amendments regarding his segregation, lack of a disciplinary hearing, and suicide attempt are barred by the relevant statute of limitation. (Doc. No. 77.) Novatne has not responded to the defendants' argument. "The statute of limitations is an affirmative defense, and a plaintiff generally need not plead the lack of affirmative defenses to state a valid claim[.]" *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (first citing

6

Fed. R. Civ. P. 8(c); then citing Fed. R. Civ. P. 8(a); and then citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)). Consequently, "a motion under Rule 12(b)(6), which considers only the allegations in the complaint, is generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations." *Id.* There is an exception to this general rule, however, when "the allegations in the complaint affirmatively show that the claim is time-barred. When that is the case, . . . dismissing the claim under Rule 12(b)(6) is appropriate." *Id.* (citing *Jones*, 549 U.S. at 215).

Because § 1983 does not specify a limitations period, courts apply "the state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Eidson v. State of Tenn. Dep't of Child.'s Servs.*, 510 F.3d 631,634 (6th Cir. 2007). In Tennessee, the applicable limitations period is one year. *See id.*; *see also* Tenn. Code Ann. § 28-3-104(a)(1). Federal Rule of Civil Procedure 15(c) "governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541 (2010). Rule 15(c)(1) provides that an amendment relates back to the date of the original pleadings when:

> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

Rule 15(d) governs motions to supplement a pleading with allegations "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Rule 15(d) provides district courts with "broad discretion in allowing a supplemental pleading." Fed. R. Civ. P. 15 advisory committee's note to 1963 amendment. Courts in this circuit have found that Rule 15's command to freely grant leave to amend when justice so requires applies to motions to supplement under Rule 15(d). *Ne. Ohio Coal. for the Homeless v. Husted*, No. 2:06-CV-00896, 2015 WL 13034990, at *6 (S.D. Ohio Aug. 7, 2015), *aff'd*, 837 F.3d 612 (6th Cir. 2016). Accordingly, courts consider the following factors when determining whether to grant leave to supplement a complaint:

> (1) The relatedness of the original and supplemental complaints; (2) Whether allowing supplementation would serve the interests of judicial economy; (3) Whether there is evidence of delay, bad faith or dilatory motive on the part of the movant, or evidence of repeated failure to cure deficiencies by amendments previously allowed; (4) Whether amendment would impose undue prejudice upon the opposing party; (5) Whether amendment would be futile; (6) Whether final judgment had been rendered; (7) Whether the district court retains jurisdiction over the case; (8) Whether any prior court orders imposed a future affirmative duty upon defendant; and (9) Whether the proposed supplemental complaint alleges that defendants defied a prior court order.

*Id.* (quoting *San Luis & Delta-Mendota Water Auth. v. U.S. Dep't of Interior*, 236 F.R.D. 491, 495–97 (E.D. Cal. 2006)).

The defendants argue that Novatne's proposed claim regarding being held in segregation without a disciplinary hearing from April 22, 2019, to June 3, 2019, is untimely under Rule 15(c) because it does not relate back to Novatne's original complaint, which was filed on September 17, 2019. (Doc. No. 77.) Specifically, defendants argue that this claim does not arise out of the same conduct, transactions, or occurrences set out, or attempted to be set out, in the original complaint. (*Id.*) "In determining whether the new claims arise from the same 'conduct transaction or occurrence,' our analysis is guided by 'whether the party asserting the statute of limitations defense

had been placed on notice that he could be called to answer for the allegations in the amended pleading.'" *Durand v. Hanover Ins. Grp.*, 806 F.3d 367, 375 (6th Cir. 2015) (quoting *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 516 (6th Cir. 2007)). The Sixth Circuit has held that "[t]his standard is usually met 'if there is an identity between the amendment and the original complaint with regard to the general wrong suffered and with regard to the general conduct causing such wrong.'" *Id.* (quoting *Miller v. Am. Heavy Lift Shipping*, 231 F.3d 242, 250 (6th Cir. 2000)).

The factual allegations in Novatne's original complaint primarily concern the alleged incidents of excessive force and Rudd Medical's refusal to treat him for resulting injuries. (Doc. No. 1.) While the original complaint mentions that Novatne was housed in segregation and had been filing grievances and threatening lawsuits, it does not mention the subject of those grievances and does not allege that Novatne was denied a disciplinary hearing. (*Id.*) The Court therefore finds that the original complaint's allegations were insufficient to put the defendants on notice of Novatne's proposed amended claim regarding denial of a disciplinary hearing from April to June 2019. This proposed claim therefore does not relate back to the original complaint under Rule 15(c)(1)(B), and is untimely under the one-year statute of limitations. The same conclusion follows even if the Court construes this proposed claim as a municipal liability claim against Rutherford County. Moreover, a municipal liability claim against the County would also be futile on the merits because Novatne has not alleged that his segregation without a disciplinary hearing was the result of any Rutherford County policy or custom. *See City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (holding "that a municipality can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue" through execution of its own policies or customs).

9
Case 3:19-cv-00821   Document 79   Filed 04/05/21   Page 9 of 13 PageID #: 466

The Court's analysis of Novatne's proposed amended claim that continued segregation and verbal abuse by the defendants led him to attempt suicide in October 2019, after he filed his original complaint, is governed by Rule 15(d). *See* Fed. R. Civ. P. 15(d). Applying the relevant factors, the Court finds that this proposed claim is insufficiently related to the original complaint and, ultimately, futile. The original complaint mentioned that Novatne had been held in segregation, but did not include any factual details regarding the circumstances or duration of his segregation—other than the excessive force allegations—and did not allege that segregation itself was causing him harm. Further, the Sixth Circuit has held that verbal abuse by prison officials is not actionable under § 1983. *See Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) ("[H]arassment and verbal abuse . . . do not constitute the type of infliction of pain that the Eighth Amendment prohibits."); *Miller v. Calhoun Cnty.*, 408 F.3d at 812 ("Although the Eighth Amendment's protections apply specifically to post-conviction inmates, the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees as well." (citations omitted)).

Novatne's proposed amended complaint also alleges, for the first time, that he "was removed from [his] depression medication without any record indicating why, a phone call to medical was made by an officer. Nothing was documented, no incident report of any kind was made. Nothing and medical discontinued my medication." (Doc. No. 75, PageID# 386.) Novatne does not allege when this occurred, and the Court therefore cannot determine from the face of the proposed amended complaint whether or not this claim is timely. Nevertheless, the Court finds that this claim is futile because it fails to state a plausible claim for relief under Rule 12(b)(6). Novatne has not alleged that any of the named defendants were responsible for discontinuing his medication. And, as the Court found in screening Novatne's original complaint, Novatne has failed

10

to state a claim against Rudd Medical, the contractor providing medical services at RCADC, because "Rudd Medical is not a named Defendant, nor is any policy of that corporate entity alleged to have driven the denial of treatment here." (Doc. No. 26, PageID# 106.)

Finally, to the extent Novatne's proposed amended complaint seeks to add Rutherford County as a defendant to his original excessive force claims, the Court has already found that the original complaint failed to state a municipal liability claim against the County because Novatne "d[id] not attribute any harm he allegedly suffered to any Rutherford County policy or custom." (*Id.* at PageID# 105.) The same is true of Novatne's proposed amended complaint. Novatne's allegation that senior officers at RCADC and the Rutherford County Sheriff were aware of the constitutional violations he complains of is not enough, by itself, to support a plausible claim of municipal liability. *See City of Canton*, 489 U.S. at 385 (holding that "[r]*espondeat superior* or vicarious liability will not attach under § 1983"). The amended complaint therefore fails to state a plausible municipal liability claim against Rutherford County for excessive force. *See id.* (holding "that a municipality can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue" through execution of its own policies or customs).

Novatne's motion to amend will therefore be denied. If Novatne wishes to introduce additional facts to support his excessive force claims at the summary judgment stage, he may do so by filing a sworn declaration in support of his own motion for summary judgment or in opposition to any summary judgment motion filed by the defendants. *See* Fed. R. Civ. P. 56(c)(1)(A) (providing that, at summary judgment, "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials"); *Hauck v. Mills*, 941 F. Supp. 683, 687 (M.D. Tenn.

1996) ("To contest a motion for summary judgment, the nonmovant must do more than merely refer to and rely upon the allegations of his pleadings. Rather, he must 'set forth specific facts showing that there is a genuine issue for trial.'" (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986))).

### B. Motion to Compel

Novatne's motion to compel seeks additional video footage and a list of the other RCADC inmates held in segregation; it also states that Novatne wishes to call officers in support of his claims. The defendants' response in opposition includes a sworn declaration asserting that the defendants have already "provided all of the video footage in the possession of the [Rutherford County Sheriff's Office] and RCADC . . . as requested in [Novatne's] requests for production." (Doc. No. 78-1, PageID# 456, ¶ 4.) The defendants also assert that they are treating Novatne's request for names of other inmates held in segregation "as an interrogatory pursuant to Fed. R. Civ. P. 33 and will respond accordingly." (Doc. No. 78, PageID# 454.) Novatne has not contested the defendants' sworn evidence that they have already provided him with all available video evidence. He also has not objected to the defendants' promise to respond to his request for information about other RCADC inmates held in segregation and has not sought the Court's further assistance in obtaining that information. Finally, Novatne's assertion that he would like to call officers to make statements is not a discovery request directed at the defendants. Novatne's motion to compel discovery will therefore be denied.

## IV.     Conclusion

For these reasons, Novatne's motion for leave to amend his complaint (Doc. No. 75) and motion to compel discovery (Doc. No. 76) are DENIED.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge