UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STEPHEN CHRISTOPHER NOVATNE, | |
| Plaintiff, | Case No. 3:19-cv-00821 |
| v. | Judge Eli J. Richardson |
| F/N/U ELROD et al., | Magistrate Judge Alistair E. Newbern |
| Defendants. | |

To:     The Honorable Eli J. Richardson, District Judge

## REPORT AND RECOMMENDATION

On August 24, 2021, the Court ordered pro se Plaintiff Stephen Christopher Novatne, who is incarcerated and proceeding *in forma pauperis*, to show cause by September 14, 2021, why the Magistrate Judge should not recommend that this action be dismissed under Federal Rule of Civil Procedure 41(b) for Novatne's failure to prosecute his claims and to file a response in opposition to Defendants Captain Brian Elrod, Lieutenant Glen Edgell, Officer Billy Cairo, Officer Seth Batsel, and Officer Ethan Flipovic's motion for summary judgment. (Doc. No. 94.) The docket reflects that Novatne has not responded to the Court's show-cause order or the motion for summary judgment. For the reasons that follow, the Magistrate Judge will recommend that the Court dismiss Novatne's complaint without prejudice under Rule 41(b) for Novatne's failure to prosecute and find moot the defendants' motion for summary judgment, motion to file a summary judgment brief in excess of twenty-five pages, and motion to dismiss.

## I.     Factual and Procedural Background

This action arises out of Novatne's pre-trial detention at the Rutherford County Adult Detention Center (RCADC) in Murfreesboro, Tennessee. (Doc. No. 1.) Novatne initiated this

action on September 17, 2019, by filing a complaint under 42 U.S.C. § 1983 alleging that his civil rights were violated while he was detained at RCADC. (*Id.*) The Court granted Novatne's motion to proceed *in forma pauperis*; screened his complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A and 42 U.S.C. § 1997e; and found that Novatne had stated nonfrivolous claims for excessive force against Batsel, Cairo, Edgell, Elrod, and Flipovic in their individual capacities. (Doc. Nos. 26, 27.) The Court allowed those claims to proceed and dismissed all other defendants and claims in Novatne's complaint. (Doc. No. 26, 27.)

The Court entered a scheduling order that provided that dispositive motions must be filed by April 15, 2021, and responses must be filed by twenty-eight days after service of the motion. (Doc. No. 62.) The Court warned that failure to respond to a dispositive motion in accordance with the scheduling order "may result in the Court finding that the motion is not opposed, taking the facts alleged in the motion as true and granting the requested relief. This may result in the dismissal of the case." (*Id.* at PageID# 264.)

On April 15, 2021, the defendants filed a motion for summary judgment (Doc. No. 81) along with a memorandum of law (Doc. No. 82), statement of undisputed material facts (Doc. No. 83), and supporting exhibits (Doc. Nos. 81-1–81-14, 84, 85). The Court ordered Novatne to file a response in opposition to the defendants' summary judgment motion within twenty-eight days of service of the motion and warned him "that failure to respond to the motion for summary judgement . . . may result in a recommendation that the motion be granted or that the action be dismissed for failure to prosecute." (Doc. No. 86.) Novatne then filed a motion for enlargement of time, arguing that he had not received a copy of video evidence that the defendants manually filed with the Court in support of their motion for summary judgment. (Doc. No. 88.) The Court construed Novatne's motion for an extension as a motion under Rule 56(d), ordered the defendants

to serve Novatne with a copy of the video evidence, and extended Novatne's deadline to respond in opposition to the motion for summary judgment to June 23, 2021. (Doc. No. 89.) The defendants filed a notice on May 26, 2021, informing the Court that they served Novatne with the video evidence by mail on May 21, 2021, and that they had served the same evidence on Novatne twice before. (Doc. No. 90.)

On June 25, 2021, the Court received Novatne's second motion for enlargement of time, in which Novatne requested an additional ninety days to respond to the defendants' motion for summary judgment. Novatne also requested additional video footage from June 3, 2019, and June 7, 2019, and a copy of RCADC's disciplinary policies. (Doc. No. 91.) The Court denied Novatne's request for additional discovery and extended his deadline to respond to the defendants' motion for summary judgment to August 17, 2021. (Doc. No. 93.) Novatne did not file a response in opposition to the defendants' summary judgment motion by that deadline.

On August 24, 2021, the Court ordered Novatne to show cause by September 14, 2021, why the Magistrate Judge should not recommend that his claims be dismissed under Rule 41(b) for failure to prosecute. (Doc. No. 94.) The Court ordered Novatne to "file his response in opposition to the defendants' summary judgment motion at the same time he files his show-cause response" and warned him "that failure to comply with this Order to Show Cause will likely result in a recommendation that his claims be dismissed for failure to prosecute." (*Id.* at PageID# 643.) The docket shows that Novatne has not responded to the Court's show-cause order or to the defendants' motion for summary judgment.[1]

---

[1]     On September 24, 2021, the defendants filed a motion to dismiss this action for Novatne's failure to prosecute his claims or, in the alternative, to grant their motion for summary judgment. (Doc. No. 98.) This Report and Recommendation does not address the defendants' motion and, instead, invokes the Court's own authority to dismiss actions for failure to prosecute. *See Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013).

## II.        Legal Standard

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "'substantial discretion'" regarding decisions to dismiss for failure to prosecute. *Id.* (quoting *Knoll*, 176 F.3d at 363).

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with

prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)); *see also* M.D. Tenn. R. 41.01 (dismissal of inactive cases) (allowing Court to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party").

### III.    Analysis

Dismissal of this action is appropriate under Rule 41(b) because the four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of delay by Novatne.

#### A.    Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "'display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591)). There is no indication that Novatne's failure to respond to the defendants' motion for summary judgment or the Court's show-cause order was motivated by bad faith. However, because the Court warned Novatne that failure to respond to the motion for summary judgment or to the show-cause order could result in dismissal, these failures are indicative of willfulness or fault for purposes of Rule 41(b) and therefore "tip[ ] the scale in favor of dismissal on the first factor." *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see also Malott v. Haas*, Civil Action No. 16-13014, 2017 WL

1319839, at *2 (E.D. Mich. Feb. 8, 2017), *report and recommendation adopted by* 2017 WL 1244991 (E.D. Mich. Apr. 5, 2017) (finding that first factor weighed in favor of dismissal where plaintiff had failed to respond to the defendants' summary judgment motion, despite receiving additional time to do so, and had failed to respond to the court's show-cause orders). This factor weighs in favor of dismissal.

### B. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds even minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

Here, the defendants answered the complaint (Doc. Nos. 38–42) and have filed a motion for summary judgment (Doc. No. 81) and a motion to dismiss (Doc. No. 98). Those steps are typical of the early stages of litigation. *See Schafer*, 529 F.3d at 739. Although the defendants' motion to dismiss was prompted by Novatne's lack of cooperation with the Court's orders, there is no indication that the defendants have been forced to waste substantial time, money, or effort in pursuit of Novatne's cooperation. This factor weighs against dismissal.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 629 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). Here, the Court warned Novatne several times that failure to respond to the defendants' motion for summary judgment or the Court's show-cause order could lead to a recommendation that his claims be dismissed. (Doc. Nos. 62, 86, 94.) This factor supports dismissal.

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here, even though the defendants have filed a motion for summary judgment and a motion to dismiss. *See Thomas-Wilson v. Green Tree Servicing LLC*, No. 3:14-cv-0968, 2016 WL 4775738, at *1 (M.D. Tenn. Jan. 15, 2016) (dismissing pro se plaintiff's claims without prejudice for failure to prosecute and finding defendants' pending motion for summary judgment moot). Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits . . . ." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "'more stringently in cases where the

plaintiff's attorney's conduct is responsible for the dismissal'" (quoting *Harmon*, 110 F.3d at 367)).

## IV.     Recommendation

Considering the above four factors, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Rule 41(b) for Novatne's failure to prosecute.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 29th day of September, 2021.

ALISTAIR E. NEWBERN
United States Magistrate Judge